**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-000107-MR**

| | | |
|---|---|---|
| **KENNETH FIELDS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **STATE OF NORTH CAROLINA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Request for Extension of Time filed by Petitioner Kenneth Fields ("the Petitioner") on March 10, 2022, which the Court construes as a Motion for a Stay and Abeyance. [Doc. 1]. The Petitioner moves this Court for an extension of time in which to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on grounds that he needs time to obtain the transcript from his April 8, 2019 plea hearing in order to "cite things pertaining to arguments surrounding Petitioner's plea arrangement..." [Doc. 1 at 1-2].[1]

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must exhaust his or her available state remedies

---

[1] This matter was transferred from the U.S. District Court for the Eastern District of North Carolina on March 11, 2022. [Doc. 2].

before pursing habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A). The AEDPA also provides that a § 2254 habeas petition generally must be filed within one year of the date on which the petitioner's state court judgment became final. See 28 U.S.C. § 2244(d)(1)(A).

"[A] habeas petitioner concerned about the possible effects of his state postconviction filings on the habeas statute of limitations may file a timely 'protective' petition in federal court, and request that it be held in abeyance pending the exhaustion of state remedies." Glisson v. Hooks, 2019 WL 2076565, *2-3 (W.D.N.C. May 10, 2019)(citing Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)). A stay may be justified when a petitioner shows good cause for failing to exhaust state remedies or when the petitioner "run[s] the risk of forever losing [his] opportunity for any federal review of [his] unexhausted claims." Marion v. Hooks, 2020 WL 5899108, *2 (W.D.N.C. Oct. 5, 2020)(citing Rhines v. Weber, 544 U.S. 269, 275-278 (2005)).

The Petitioner's filing does not constitute a 'protective' petition over which this Court may exercise its jurisdiction and issue a stay. The Petitioner's request raises no potential grounds for § 2254 relief, makes no mention of the status of any state court remedies, and sets forth no sufficient grounds to demonstrate why he is entitled to a tolling of the statute of limitations while he attempts to obtain a copy of the plea hearing transcript.

2

The Petitioner was present at the plea hearing and citation to the transcript is not required in order to set forth his habeas claims. The Petitioner's request shall therefore be denied.

The Petitioner also moves this Court to proceed *in forma pauperis* [Doc. 5]. However, the record reflects that the Petitioner has since paid his filing fee, thereby mooting his request. [See April 18, 2022 Clerk of Court docket entry]. Because the Petitioner's request for an extension of time shall be denied and the Petitioner has not yet submitted a § 2254 habeas petition or protective petition, the Clerk of Court shall refund the filing fee.

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Motion for a Stay and Abeyance [Doc. 1] is **DENIED**.

2. The Petitioner's Motion to Proceed *in Forma Pauperis* [Doc. 5] is **DENIED** as moot.

3. The Clerk of Court is directed to return the filing fee to the Petitioner and to close this case.

**IT IS SO ORDERED**.    Signed: April 26, 2022

Martin Reidinger
Chief United States District Judge

3